United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 22, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————

No. 02-60938
(Summary Calendar)

———————

BAKER CONCRETE CONSTRUCTION INC.; FLINT CONCRETE
CONSTRUCTION INC.,

Petitioners - Cross-Respondents,

versus

NATIONAL LABOR RELATIONS BOARD,

Respondent - Cross-Petitioner.

———————

Petition for Review of a Final Order of
the National Labor Relations Board
No. 16-CA-22119

———————

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Baker Concrete Construction, Inc. and its wholly owned subsidiary, Flint Concrete

Construction, Inc., (collectively, "Baker") petition this Court for review of a final order of the

National Labor Relations Board ("NLRB" or "Board") directing Baker to provide certain information

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to and bargain with Carpenters Local 551 ("Local 551"). While conceding that it has refused to comply with the order, Baker contends that the NLRB improperly certified Local 551 as the collective bargaining representative for certain of its employees. The NLRB has filed a cross-application for enforcement of its order pursuant to 29 U.S.C. § 160(e).

"An order requiring an employer to negotiate with a union will be enforced if the NLRB's decision to certify the union is reasonable and based on substantial evidence in the record." *Avondale Indus. v. NLRB*, 180 F.3d 633, 636 (5th Cir. 1999) (internal quotation marks omitted). "The certification order's enforceability depends, in turn, on the validity of the underlying election." *Id*. "A representation election is presumed to be fair and regular, unless proven otherwise." *Id.* "In challenging a representation election, the objecting party bears the burden of adducing prima facie facts that, if proven true, would invalidate the election." *NLRB v. McCarty Farms, Inc.*, 24 F.3d 725, 728 (5th Cir. 1994). "The objecting party must produce evidence of misconduct that interfered with the employees' exercise of free choice to such an extent that they materially affected the results of the election." *Id.* (internal quotation marks omitted). Such evidence must provide "specific events from or about specific people" and must raise "substantial and material factual issues . . . which, if true, would be sufficient to set aside the election." *Id*. (internal quotation marks omitted).[1]

Baker filed objections to the election selecting Local 551 as the collective bargaining representative for the truck drivers and production and maintenance employees at its Houston, Texas

---

[1] Ideally, a representation election should occur under "laboratory conditions") ) *i.e.*, "an . . . atmosphere in which a free choice may be made by employees, protected from interference by employer, union, Board agent or other parties." *Avondale*, 180 F.3d at 636 (internal quotation marks omitted). Because, however, such conditions are "unattainable . . . in the real world of union organizational efforts," we must compare "the conduct of a challenged election to the laboratory conditions paradigm, recognizing the contaminating influence of the realities of industrial life." *Id*. at 636-37 (internal quotation marks omitted).

facility. Baker alleged, *inter alia*, that agents of Local 551 represented that the union could solve the immigration problems of employees if it won the election but would report any employee who was an illegal immigrant to the authorities if it lost. The NLRB's hearing officer found that the testimony presented by Baker in support of this contention lacked credibility and recommended that Baker's objection be overruled. Rejecting Baker's exceptions to the report, the NLRB adopted the hearing officer's findings in part and certified the election of Local 551.[2]

In order to succeed on any of the arguments raised in its petition for review, Baker must overcome the credibility determinations made by the hearing officer and adopted by the NLRB.[3] Credibility determinations, however, are "peculiarly within the province of the trial examiner and the National Labor Relations Board and are entitled to affirmance unless inherently unreasonable or self-contradictory." *Cent. Freight Lines, Inc. v. NLRB*, 666 F.2d 238, 239 (5th Cir. 1982) (internal quotation marks omitted). Accordingly, we are bound by such determinations unless: (1) the determination is unreasonable; (2) the determination contradicts other findings of fact; (3) the determination is based on inadequate reasons or no reasons; or (4) no justification is offered for the determination. *Valmont Indus. v. NLRB*, 244 F.3d 454, 463-64 (5th Cir. 2001).[4]

---

[2] While Baker objected to the election on other grounds, it does not raise those objections in its petition for review. Accordingly, they are waived. *See Carmon v. Lubrizol Corp.*, 17 F.3d 791, 794 (5th Cir. 1994) ("We liberally construe briefs in determining issues presented for review; however, issues not raised at all are waived.").

[3] In addition to challenging these credibility determinations, Baker contends that the election was not conducted under "laboratory conditions" and that the NLRB's certification order was not supported by substantial evidence. These arguments, however, are premised on Baker's assertion that the credibility determinations adopted by the Board were erroneous.

[4] Although our case law primarily addresses situations in which credibility determinations are made by an administrative law judge, the parties do not dispute that the same standard of review applies when such determinations are made by a hearing officer in the context of a representation

In support of its contention that Local 551 improperly capitalized on the immigration status of many of the employees, Baker offered the testimony of three witnesses. The first witness, Nemesio Casas, a Baker employee, testified that he attended a meeting at which a woman, who was introduced as a "representative of Immigration," stated that she would be able to secure immigration papers for those employees who were in the United States illegally if Local 551 won the election. Casas did not provide the woman's name, could not recall when the meeting occurred, and stated that he left after fifteen minutes. In addition, Baker presented testimony from two of its supervisors, Baldomero Castillo, Jr. and Sergio Ortega, who testified that, at various times, they overheard unidentified pro-union employees tell other employees that Local 551 could help with immigration problems if it won the election but would report any illegal immigrants to the authorities if it lost.

In response, Local 551 presented the testimony of Adriana Cadena, an employee of a different union, who testified that she spoke at a meeting on January 19, 2002 regarding her work as an advocate for illegal immigrants. Cadena testified that she was the only woman to discuss immigration issues at the meeting and that she never represented herself as a government official, promised to solve immigration problems, or encouraged employees to vote in favor of Local 551. Her testimony was corroborated by her notes from the meeting and the testimony of three witnesses who were present. Local 551 also presented the testimony of two Baker employees, Baudelio Perez and Juan Jose Mendoza, who testified that Cadena was the only woman to discuss immigration issues at a union meeting prior to the election and that they had not heard anyone make promises or threats regarding immigration status.

In overruling Baker's objections, the Board adopted some, but not all, of the hearing officer's

proceeding pursuant to 29 C.F.R. § 102.69(d) and then adopted by the NLRB.

findings.[5] Specifically, the NLRB adopted the hearing officer's finding that Casas' testimony was unreliable because it was not corroborated by any other witness and because he could not remember when the meeting in question occurred. The Board also adopted the hearing officer's finding that the testimony of Castillo and Ortega was not credible because they were not specific about times or individuals and because, as supervisors, they had a stake in the outcome of the election. Finally, the NLRB adopted the hearing officer's finding that the testimony of Cadena was credible because it was corroborated by documentary evidence and the testimony of other witnesses.[6]

Nothing in Baker's petition for review demonstrates that these credibility determinations were unreasonable, unjustified or contradicted by other findings of fact. Accordingly, we are bound by those determinations. The petition for review is DENIED and the NLRB's order directing Baker to negotiate with Local 551 is ENFORCED.

---

[5] The Board expressly declined to adopt the hearing officer's findings that Cadena was a disinterested witness and was not acting as an agent of Local 551 when she spoke at the January 2002 meeting. Moreover, only one member of the Board relied solely on the finding that the alleged misconduct occurred outside the relevant time period between the filing of the petition for election and the election itself. Thus, we need not address Baker's challenges to these findings.

[6] Baker contends that the hearing officer erred in crediting Cadena's testimony because the failure to call union organizer Juan Del Campo, who introduced Cadena at the meeting in question, created an inference that Del Campo's testimony would be adverse to Local 551's position and consistent with the testimony of Casas. *See Tellepsen Pipeline Servs. Co. v. NLRB*, 320 F.3d 554, 562 (5th Cir. 2003) ("Normally, under NLRB precedent, the failure to call an available witness likely to have knowledge about a particular matter gives rise to an inference that such testimony would be adverse to the party's position and consistent with the opposing party."). As we discussed in *Tellepsen Pipeline*, however, this inference does not affect a credibility determination where, as here, the relevant witness testimony was corroborated by other witnesses. *See id.* at 562-63.